UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LISA J.H.,

                        Plaintiff,

            -v-                        5:24-CV-1247

COMMISSIONER OF
SOCIAL SECURITY,

                  Defendant.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

HILLER COMERFORD INJURY         JUSTIN M. GOLDSTEIN, ESQ.
    & DISABILITY LAW
Attorneys for Plaintiff
6000 North Bailey Avenue,
Suite 1a
Amherst, NY 14426


SOCIAL SECURITY                 MOLLY CARTER, ESQ.
    ADMINISTRATION
Attorneys for Defendant
Office of the General Counsel
6401 Security Boulevard
Baltimore, MD 21235

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On October 11, 2024, plaintiff Lisa J.H.[1] ("plaintiff") filed this civil action pursuant to 42 U.S.C. §§ 405(g) of the Social Security Act (the "Act") seeking judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Dkt. No. 1. Because plaintiff did not consent to the jurisdiction of a United States Magistrate Judge, the matter was referred to U.S. Magistrate Judge Miroslav Lovric for a Report & Recommendation ("R&R"). Dkt. No. 4.

On January 14, 2025, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 7, and the parties proceeded to brief the matter in accordance with General Order 18, which provides that a district court appeal from the Commissioner's administrative denial of benefits be treated as if the parties have filed cross-motions for judgment on the pleadings, Dkt. Nos. 3, 10, 14, 15.

On November 18, 2025, Judge Lovric advised by R&R that the plaintiff's motion be denied, that the Commissioner's motion be granted, and that the Commissioner's determination denying benefits be affirmed. Dkt. No. 16. *First*, Judge Lovric advised that, though the Administrative Law Judge's

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be mentioned in this opinion.

("ALJ") failed to identify any basis in the record in reaching the conclusion that plaintiff can remain on task at her workstation when changing positions in reaching her residual functional capacity ("RFC") determination, that error was harmless. *Id*. at 11–16.[2]  Even if the ALJ had adopted the opinion of Nurse Practitioner Shrader ("NP Shrader") and issued an RFC permitting plaintiff to be off-task by walking away from her workstation for five minutes each hour, her disability determination would be unchanged. *Id*. at 14–16.

*Next*, Judge Lovric advised that, where a different Vocational Expert ("VE") testified at each of plaintiff's hearings, the ALJ did not fail to reconcile a purported conflict between their testimony.  Dkt. No. 16–19.  Judge Lovric advised that, given the conflicting testimony arose where the two VEs were confronted with different hypotheticals, the ALJ bore no duty to reconcile the conflict. *Id*.

*Next*, Judge Lovric advised that the ALJ adequately developed the record, that there are no obvious gaps in the record, that no missing records have been identified by plaintiff, and nothing beyond speculation has been offered up to suggest an additional medical opinion would shed further light on plaintiff's functional limitations. *Id*. at 19–21.

---

[2] Pagination corresponds to CM/ECF headers.

*Finally*, Judge Lovric advised that, in all other respects, the ALJ's RFC determination is supported by the record.  Judge Lovric advised that the ALJ, having developed the record, resolved conflicting evidence about plaintiff's functional limitations by relying on evidence most consistent with plaintiff's overall treatment record and activities, and that a general challenge to the manner in which an ALJ resolved such evidence does not present independent grounds for remand.  *Id*. at 21–23.

Plaintiff has lodged an objection.[3]  Dkt. No. 17.  *First*, plaintiff objects to the recommendation that the ALJ's exclusion of the residual functional capacity findings of NP Shader only constitutes harmless error.  *Id*.  *Next*, plaintiff objects to the ALJ's failure to acknowledge the first VE's testimony that needing to walk away from the workstation constitutes an impermissible break.  *Id*.  *Next*, plaintiff objects to the recommendation that the ALJ's failure to reconcile conflicting testimony by the two VEs was not error and contends this results in an RFC determination that is unsupported by substantial evidence.  *Id*.

Upon *de novo* review, Judge Lovric's R&R is accepted and will be adopted in all respects.  *See* FED. R. CIV. P. 72(b).

---

[3]  In addition, on December 12, 2025, the Commissioner filed a reply brief.  Dkt. No. 18.  While Judge Lovric's R&R allowed for objections so long as they were filed by December 2, 2025, no request was made, nor was permission granted, to file a reply brief.  Dkt. No. 16.  Accordingly, this submission will not be considered.

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED; and

4. The Commissioner's final decision denying plaintiff's benefits is

AFFIRMED;

The Clerk of the Court is directed to terminate the pending motion, enter

a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  December 17, 2025
        Utica, New York.